State of West Virginia

*v.*

Phillip David Barnett

(No. 13763)

Decided December 6, 1977.

*William C. Garrett, Garrett, Whittier & Garrett* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

On August 19, 1975, the defendant, Phillip David Barnett, was indicted by the grand jury serving the Circuit Court of Nicholas County on a charge of possession of "a controlled substance, to wit: marijuana, less than 15 grams". Upon arraignment he entered a plea of not guilty and the matter was set for trial. Subsequently, on January 9, 1976, the defendant moved the court for permission to withdraw his plea of not guilty and to enter a plea of guilty to the crime charged in the indictment. This offer to plead guilty was conditioned on its being "treated under Section 407 of the Uniform Controlled Substance Act."

After counsel for the defendant made the offer alluded to above, the following colloquy took place:

THE COURT: Mr. Barnett, do you understand what your attorney says that you propose to do, that you propose to withdraw your plea of not guilty heretofore entered and to enter a plea of

8

guilty to the charge contained in this indictment of unlawfully and knowingly possessing marijuana less than fifteen grams?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: All right, then the Court will accept your plea of guilty, and is it a fact that he did two years ago enter a plea similar to this and was placed on probation?

MR. GARRETT: I don't have any reason to dispute that, your Honor."

On March 31, 1976 the court, refusing to place defendant on probation under the provisions of *W.Va. Code*, 1931, 60A-4-407, as amended, sentenced him to a term of six months in the Nicholas County jail and fined him $500.00. In the following language the court related its reason for sentencing the defendant to jail instead of granting probation: "under section 407 it says there may be only one discharge and dismissal under this section with respect to any person." Reasoning that the defendant had previously been discharged under this section, the court refused to again apply the probation provisions thereof and imposed the sentence under *W.Va. Code*, 1931, 60A-4-401, as amended. This appeal followed.

It is the position of the defendant on this appeal that the trial court erred, (1) by treating the defendant as a second offender; (2) by accepting a plea of guilty upon condition that it be treated under Section 407 and then refusing to proceed under said section; and, (3) by accepting the defendant's plea of guilty without first determining whether it was made voluntarily.

In determining whether the trial court erred in treating the defendant as a second offender it is necessary to consider the pertinent provisions of *W.Va. Code*, 1931, 60A-4-401 and 407 as amended. Section 401, after describing the prohibited act and prescribing the penalties, concludes:

Provided, that notwithstanding any other provision of this chapter to the contrary, any first offense for possession of less than 15 grams of marihuana shall be disposed of under said section 407.

Section 407, in pertinent part, provides.

Whenever, any person who has not previously been convicted of any offense under this chapter ... relating to narcotic drugs, marihuana ... pleads guilty to or is found guilty of possession of a controlled substance under section 401 (c) [§ 60A-4-401 (c)], the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. ... Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section ... The effect of such dismissal and discharge shall be to restore such person in contemplation of law to the status he occupied prior to such arrest and trial. No person as to whom such dismissal and discharge have been effected shall be thereafter held to be guilty of perjury, false swearing, ... by reason of his failure to disclose or acknowledge such arrest or trial in response to any inquiry made of him for any purpose. There may be only one discharge and dismissal under this section with respect to any person ...."

Section 401 clearly provides that any first offense shall be disposed of under Section 407. It is clear from the record that this is not the defendant's first offense of possession of less than 15 grams of marihuana. While he was under no obligation under Section 407 to admit a first offense, he and his counsel readily admitted to the court that he had experienced a former offense and had been placed on probation therefor. Furthermore, the same judge who presided in the instant case placed him on probation for such former offense.

Section 401 refers to "any first offense," not to a conviction. The defendant having fulfilled the terms of his probation, under the provisions of Section 407, suffered no former conviction. However, in the circumstances described above, this was not a first offense and the court was under no mandate to apply the provisions of Section 407.

The second assignment of error, the acceptance of a guilty plea under condition that it be treated under Section 407, is meritorious and compels us to reverse. The record clearly reveals, as noted above, that the plea of guilty was entered upon the condition that the defendant would be treated under Seciton 407. A full consideration of the record further reveals that when the defendant agreed to enter a guilty plea, he was led to believe that he would receive probation under such section of the code.

A guilty plea is a most serious waiver of a constitutional right—the right to a trial by jury, the privilege against compulsory self-incrimination and the right to confront accusers. It has been described as the most devastating waiver possible under our constitution. *See, United States v. Truglio,* 493 F.2d 574 (4th Cir. 1974). *See also,* 5B M.J. *Criminal Procedure,* Section 33 and cases cited in the footnotes thereto.

It is the general rule that, in the absence of statutory authority, a court cannot accept a plea of guilty offered on any kind of condition. A guilty plea must manifest an unequivocal and knowledgeable admission of the offense charged and should not be accepted if conditional. *See, State v. Watson,* 1 Wash. App. 43, 459 P.2d 67 (1969); *Wayne v. State,* 4 Md. App. 424, 243 A.2d 19 (1968);*United States v. Brierley* 404 F.2d 790 (3rd Cir. 1968); *Hulsey v. United States,* 369 F.2d 284 (5th Cir. 1966); *Roberts v. Warden, Maryland Penitentiary,* 221 Md. 576, 155 A.2d 891 (1959).

In the instant case the defendant's colloquy with the court precluded his guilty plea from being clear, definite and unconditional. In such circumstances the guilty plea

was unacceptable and the court should not have acted upon it. Furthermore, it is clear from the record that the court erred in failing to first determine the voluntariness of the plea as set out in *Call v. McKenzie*, ____ W. Va. ____, 220 S.E. 2d 665 (1975).

For the reasons stated herein, the judgment of the Circuit Court of Nicholas County is reversed and the case is remanded for a new trial.

*Reversed and remanded*
*for a new trial.*

MILLER, JUSTICE, *concurring*:

I agree with the majority that under the circumstances in this case the plea of guilty was not voluntary. I concur, however, because I believe that there may be some confusion engendered over the Court's second syllabus:

> "A guilty plea must manifest an unequivocal and knowledgeable admission of the offense charged and should not be accepted if conditional."

The guilty plea itself does not "manifest an unequivocal and knowledgeable admission of the offense", since it normally consists of the simple declaration, "I plead guilty to the charge" or words of like effect. It is the procedure surrounding the taking of the guilty plea that must reveal an unequivocal and knowledgeable admission of the offense charge. *Nicely v. Butcher*, 81 W.Va. 247, 94 S.E. 147 (1917); *State v. Stone*, 101 W.Va. 53, 131 S.E. 872 (1926). Consequently, I believe that the Court intended in its second syllabus to indicate that the guilty plea *procedure* must manifest an unequivocal and knowledgeable admission of the offense charged.

This is consistent with our holding in the recent case of *Thomas v. Leverette*, W. Va., No. 13903 (1977), where we held that for a guilty plea to be knowingly and intelligently entered, the defendant must be informed of the elements of the offense charged against him. *Thomas*

was predicated on the case of *Henderson v. Morgan*, 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976).

From a purely mechanical standpoint, the Court has addressed at some considerable length the factors that should be taken into consideration when a guilty plea is taken before the court in *Call v. McKenzie*, W.Va., 220 S.E.2d 665 (1975). *Call* also emphasized the importance of making a stenographic record of the guilty plea proceeding in order to forestall a future attack on its factual basis.

While it is true that a reading of the indictment may serve to provide a sufficient factual explanation of the elements of the offense to which the guilty plea is tendered, I see some inherent dangers in a rote reliance on this procedure. First, the indictment itself may not embody all of the essential elements of the crime. *State ex rel. Combs v. Boles*, 151 W.Va. 194, 151 S.E.2d 115 (1966); *State v. Harrison*, 130 W.Va. 246, 43 S.E.2d 214 (1947); *Scott v. Harshbarger*, 116 W.Va. 300, 180 S.E. 187 (1935).

Moreover, an illustrated by *Thomas* and *Henderson*, some crimes carry lesser included offenses, which may not be charged separately in the indictment. Consequently, the mere reading of the indictment would not sufficiently convey the essential elements of the offense to which the plea is entered.

I also feel a further misconception may arise by the remaining language in the second syllabus that the plea "should not be accepted if conditional", when coupled with the further statement in the opinion:

"It is the general rule that, in the absence of statutory authority, a court cannot accept a plea of guilty offered on any kind of condition."

Obviously this language does not mean that a guilty plea cannot be entered pursuant to a plea bargain agreement which contains certain conditions as to future acts on the part of the State. This is a common and accepted practice originally sanctioned by this Court in *State v. Ward*, 112 W.Va. 552, 165 S.E. 803 (1932). In

*Ward*, the defendant entered a guilty plea to one of fourteen indictments, and the State, pursuant to an agreement with defense counsel which was approved by the court, nolled the other indictments. When the State thereafter sought to try the defendant on one of the charges which had been nolled, this Court refused to allow the prosecution, stating: "The promise ... is a pledge of the public faith which in our opinion should be duly kept." 112 W.Va. at 555, 165 S.E. at 805.

In *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726(1971), the defendant attacked his plea of guilty on the ground that it had been entered on the promise or condition that the prosecutor would recommend probation. This Court found such a promise was extended and allowed the defendant to withdraw his plea of guilty, as the prosecutor failed to do as he had promised.

*Clancy*, as well as a later case of *Call v. McKenzie, supra*, clearly approved the practice of plea bargaining and recognized that there may be agreed conditions attached to a guilty plea when it is tendered to the court. Of course, the court may, in the exercise of its sound discretion, refuse to accept such guilty plea where the conditions are improper or against public policy. *Santobello v. New York*, 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 498 (1971); *Denham v. Robinson*, 72 W.Va. 243, 77 S.E. 970 (1913); *W.Va. Code*, 62-2-25.

Here the guilty plea was not tendered pursuant to a plea bargain agreement, but was tendered unilaterally by the defendant on the condition that the court construe the statute as mandating probation.[1] The court could have refused to accept the plea. Rather, the court

---

[1] The guilty plea was tendered in the following fashion:

"Your Honor, at this time the defendant withdraws his plea of not guilty to the charge contained in the indictment which was tendered on August 21, 1975, and tenders to the Court an offer to plead guilty to the crime charged therein, which plea of guilty is to be treated under Section 407 of the Uniform Controlled Substance Act." (60A-4-407)

elected to accept the plea and study the legal question raised by the condition. The court concluded that the statute did not require automatic probation, and sentenced defendant to a term of six months in jail, with a fine of $500.

The guilty plea here was clearly offered on the condition that defendant be dealt with under Section 407 of the Uniform Controlled Substance Act. Once the trial court determined that the statute was inapplicable, the underlying voluntariness of the plea was thrown into question. The solution was to inform the defendant, prior to imposing sentence on the previous guilty plea, that automatic probation was not required and allow him an opportunity to withdraw the plea of guilty.

I am authorized to state that Justice Harshbarger joins with me in this concurring opinion.