342 S.E.2d 277

**STATE of West Virginia**

v.

**Harry Gray CARPER.**

**No. 16767.**

Supreme Court of Appeals of West Virginia.

April 4, 1986.

---

Gregory J. Campbell, Charleston, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Chief Justice:

Harry Carper pleaded guilty to the delivery of less than fifteen grams of marihuana without remuneration and was sentenced by the Circuit Court of Nicholas County to serve one to five years in the penitentiary and fined $10,000. The defendant appeals this conviction on the ground that he was entitled to mandatory probation.[1] After analyzing the relevant statutes, we conclude the defendant's argument has merit.

On February 20, 1984, the defendant delivered 9.6 grams of marihuana without remuneration to an acquaintance who later turned out to be an informant. The informant had attempted to obtain some marihuana from the defendant on a prior occasion, but the defendant refused. However, on this occasion, the informant stated the marihuana was for the defendant's cousin. The delivery took place in the defendant's trailer in Summersville, West Virginia.

At the first guilty plea hearing, the circuit court fully advised the defendant of his rights and of the possible consequences resulting from the guilty plea. His counsel argued that under W.Va.Code, 60A–4–402(c),[2] the defendant was entitled to probation under W.Va.Code, 60A–4–407. The circuit court disagreed and stated that under its interpretation of the law, W.Va. Code, 60A–4–402(c), was inapplicable to the defendant.[3] Consequently, the defendant was not entitled to mandatory probation and was subject to the penalty allowed under W.Va.Code, 60A–4–401(a)(ii).

After accepting the defendant's guilty plea, the circuit court sentenced the defendant to one to five years in the penitentiary and fined him $10,000. The sentence and the fine were suspended pending the completion of a presentence report to determine if probation was a possibility. At the second hearing, the circuit court examined the report and concluded the defendant

---

1. The defendant also raises two additional grounds of error. First, he contends that the sentence and the fine are disproportionate to the offense committed, in violation of Article III, Section 5 of the West Virginia Constitution. Because we conclude the defendant is entitled to mandatory probation if this was his first drug-related offense, we will not address this issue in any detail. Ordinarily, we apply this proportionality principle to criminal sentences where there is no fixed maximum set by statute or where a life recidivist sentence is imposed. *See* Syllabus Point 4, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981).

Second, the defendant argues he was denied his right of allocution and to contest the findings contained in the presentence report as required under Rule 32 of the West Virginia Rules of Criminal Procedure. The State conceded this point as error in its appellate brief. *See State v. Thompson,* 176 W.Va. 300, 342 S.E.2d 268 (1986); *State v. Godfrey,* 170 W.Va. 25, 289 S.E.2d 660 (1981). Since we are remanding this case for resentencing, this point is moot.

2. W.Va.Code, 60A–4–402(c), provides: "Notwithstanding any other provision of this chapter to the contrary, any first offense for distributing less than 15 grams of marihuana without any remuneration shall be disposed of under section 407 [§ 60A–4–407]." The word "distribute" is defined in W.Va.Code, 60A–1–101(j), as meaning "to deliver, other than by administering or dispensing, a controlled substance, a counterfeit substance or an imitation controlled substance."

3. The relevant statements made by the circuit court on its interpretation of the law are as follows:

"In order that there not be any misunderstanding, as I understand, the defendant is relying on in fact [W.Va.Code, 60A–4–402(c)] which ... [provides] automatic probation.

"Now, I want everybody to know, to understand, that I do not consider and I am not bound by that, to place him on automatic probation; that I will consider it as a plea of guilty to a felony; that I consider 60A–4–402 does not apply to anyone unless they're registered with the State of West Virginia and licensed to distribute or dispense controlled substances.

"My interpretation of this and what I'm going to follow would be that unless he is a licensed dealer or licensed by the State of West Virginia to deliver or to dispense, then he will come under Prohibited Acts A which is Chapter 60A–4–401 which says that anyone that violates that brings him under the penalty of not less than one nor more than five years or a fine of not more than $15,000.00 or both."

should not be granted probation. The circuit court then reinstated the original sentence and fine.

The defendant argues that he is entitled to probation because of the mandatory language in W.Va.Code, 60A–4–402(c), which provides, in pertinent part, that "any first offense for distributing less than 15 grams of marihuana without any remuneration *shall be disposed of under section 407* [§ 60A–4–407]." (Emphasis added). W.Va.Code, 60A–4–407, provides, in relevant part: "Whenever any person who has not previously been convicted of any offense under this chapter ... pleads guilty to or is found guilty of possession of a controlled substance under section 401(c) [§ 60A–4–401(c)], the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions."

Thus, the defendant's argument is that these two statutes must be read *in pari materia,* resulting in the conclusion that probation is mandatory. This result is reached because W.Va.Code, 60A–4–402(c), states that a person whose first drug-related offense is distributing less than fifteen grams of marihuana without remuneration "shall be disposed of under" W.Va.Code, 60A–4–407. The defendant cites the following passage from *State v. Dudick,* 158 W.Va. 629, 643, 213 S.E.2d 458, 467 (1975), where we stated that under W.Va.Code, 60A–4–407, probation was mandatory in certain situations:

"This Court takes notice of the pervasive abuse of controlled drugs among adolescents and young adults too inexperienced to be aware of the dangers of narcotics. The Uniform Controlled Sub-

stances Act, *W.Va.Code,* 60A–4–401(c) and 60A–4–407 [1971] recognize this problem by making first offense possession of under 15 grams of marijuana a misdemeanor with mandatory probation."

W.Va.Code, 60A–4–401(c), cited in *Dudick,* is worded similarly to W.Va.Code, 60A–4–402(c), and provides, in relevant part, "that notwithstanding any other provision of this act to the contrary, any first offense for possession of less than 15 grams of marihuana shall be disposed of under said section 407 [§ 60A–4–407]."

*Dudick*'s comment on mandatory probation was reinforced when we spoke to the interaction between W.Va.Code, 60A–4–401, and W.Va.Code, 60A–4–407, in *State v. Barnett,* 161 W.Va. 6, 240 S.E.2d 540 (1977). In *Barnett,* the defendant had a previous drug-related offense and we said that in this situation a court "is under no mandatory duty to dispose of the case in accordance with the provisions of *W.Va. Code,* 1931, 60A–4–407, as amended." Syllabus Point 1, in part, *State v. Barnett, supra.*[4] The clear implication of *Barnett* is that if the defendant had not had a prior drug-related offense, probation would have been mandated under W.Va.Code, 60A–4–407.

The circuit court's view, which the State urges on appeal, is that the defendant is not eligible for mandatory probation because W.Va.Code, 60A–4–402, subsections (a) and (b), are only applicable to certain professional persons, such as physicians and pharmacists, who are registered or licensed to dispense or administer controlled substances.[5] Thus, the circuit court rea-

---

4. The entire text of Syllabus Point 1 of *Barnett* is:

"Where the record discloses that a defendant has been dealt with for a previous offense of possession of 'less than 15 grams of marihuana', the court, under *W.Va.Code,* 1931, 60A–4–401, as amended, is under no mandatory duty to dispose of the case in accordance with the provisions of *W.Va.Code,* 1931, 60A–4–407, as amended."

5. W.Va.Code, 60A–4–402(a) and (b), provide:

"(a) It is unlawful for any person: .

"(1) Who is subject to article 3 [§ 60A–3–301 et seq.] to distribute or dispense a controlled substance in violation of section 308 [§ 60A–3–308];

"(2) Who is a registrant, to manufacture a controlled substance not authorized by his registration, or to distribute or dispense a controlled substance not authorized by his registration to another registrant or other authorized person;

"(3) To refuse or fail to make, keep, or furnish any record, notification, order form,

soned that subsection (c) of W.Va.Code, 60A–4–402, is only applicable to these specifically defined professional persons and the defendant is not one of them.

■ We cannot agree with this interpretation as we do not believe that W.Va.Code, 60A–4–402, is solely confined to professional persons who dispense or administer controlled substances. Under subsection (a)(4), it is unlawful for any person "[t]o refuse any entry into any premises for any inspection authorized by this chapter." Further, subsection (a)(5) is broadly cast to prohibit the keeping of controlled substances in any building, vehicle, boat, aircraft, or other structure. These two subsections of W.Va.Code, 60A–4–402, are written in language sufficiently general to apply to any person.

Moreover, the actual language of W.Va. Code, 60A–4–402(c), is not confined to W.Va.Code, 60A–4–402, offenses, as it is prefaced with the following language: "Notwithstanding any other provision of this *chapter* to the contrary." (Emphasis added). We cannot ignore this language. Under our customary rules of statutory construction, we have often held that the legislature is presumed to intend that every word used in a statute has a specific purpose. *State ex rel. Johnson v. Robinson,* 162 W.Va. 579, 251 S.E.2d 505 (1979); *Wooddell v. Dailey,* 160 W.Va. 65, 230 S.E.2d 466 (1976).

■ Finally, we must acknowledge that we are dealing with the interpretation of a criminal statute and our traditional rule in this regard is expressed in Syllabus Point 3 of *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970):

"Penal statutes must be strictly construed against the State and in favor of the defendant."

*See also State v. Hodges,* 172 W.Va. 322, 305 S.E.2d 278 (1983); *State v. Vandall,* 170 W.Va. 374, 294 S.E.2d 177 (1982); *State v. Barnett,* 168 W.Va. 361, 284 S.E.2d 622 (1981); *State v. Cole,* 160 W.Va. 804, 238 S.E.2d 849 (1977); *State ex rel. Davis v. Oakley,* 156 W.Va. 154, 191 S.E.2d 610 (1972).

■ Admitting that there is some ambiguity in the matter, we believe that the *Dudick-Barnett* rationale, together with our customary rules of statutory construction, compel the conclusion that W.Va. Code, 60A–4–402(c), mandates that a defendant guilty of a first offense for distributing less than fifteen grams of marihuana without any remuneration is entitled to mandatory probation under W.Va.Code, 60A–4–407. We can assume legislative accord with *Dudick*'s rationale on the interaction between W.Va.Code, 60A–4–401(c), and W.Va.Code, 60A–4–407, since neither statute has been amended in the eleven years since the opinion was filed.

The implicit point made in *Dudick* is that where the legislature has mandated probation treatment in one section of the Uniform Controlled Substances Act, the section dealing with probation, W.Va.Code, 60A–4–407, must be treated as mandatory. This is precisely the point in this case, with W.Va.Code, 60A–4–402(c), mandating treatment under the probation section, W.Va. Code, 60A–4–407.

The underlying premise of *Dudick* was that the legislature intended that less than fifteen grams of marihuana might be possessed by young adults who were unaware of its dangers. The same may be said of an unremunerative delivery of less than fifteen grams of marihuana between friends. However, nothing that we say today should be construed as sanctioning

---

statement, invoice, or information required under this chapter;

"(4) To refuse any entry into any premises for any inspection authorized by this chapter; or

"(5) Knowingly to keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place, which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter.

"(b) Any person who violates this section is guilty of a misdemeanor and upon conviction may be confined in the county jail for not less than six months nor more than one year, or fined not more than twenty-five thousand dollars, or both."

distribution for remuneration of any quantity of marihuana.

The only question that remains concerning the defendant's eligibility for mandatory probation under W.Va.Code, 60A–4–402(c), is whether this was his first drug-related offense. The defendant's counsel asserted at the first guilty plea hearing that it was, but there is no documentation in the record that we have to support this assertion.

Therefore, this case is remanded to the Circuit Court of Nicholas County so that the defendant can have an opportunity to establish whether this was his first drug-related offense. If he can establish that he meets the requirements of W.Va.Code, 60A–4–402(c), he is entitled to mandatory probation. If he is found to be ineligible, the circuit court must accord the defendant his rights under Rule 32 of the West Virginia Rules of Criminal Procedure with regard to his right of allocution and his right to challenge the presentence report.

Reversed and remanded.