393 S.E.2d 663

Irvin HUTCHINSON

v.

Jerry DIETRICH, Administrator, Eastern Regional Jail, and Honorable Thomas W. Steptoe, Jr., Judge of the Circuit Court of Morgan County.

No. 19483.

Supreme Court of Appeals of West Virginia.

May 17, 1990.

---

**26**

Kevin D. Mills, Public Defender Corp. for the 23rd and 31st Judicial Circuits, Martinsburg, for Irvin Hutchinson.

Charles Trump, Pros. Atty., Berkeley Springs, Jerry Dietrich, Adm'r, Martinsburg, Thomas W. Steptoe, Jr., Roger W. Tompkins, Atty. Gen., Richard M. Riffe, Sr. Asst. Atty. Gen., Charleston, for respondents.

BROTHERTON, Justice:

On August 14, 1989, the Circuit Court of Morgan County sentenced Irvin Hutchinson, the relator in this original habeas corpus proceeding, to two consecutive terms in the State penitentiary for delivery of marijuana and delivery of cocaine. In the present proceeding, the relator claims that he should have been granted probation. After reviewing the record, this Court disagrees with the relator's assertions. The Court, however, believes that the circuit court erred in the manner in which it applied West Virginia's recidivist statute and grants the relator relief on that point.

On May 12, 1989, a jury in Morgan County convicted the relator of delivery of marijuana of less than fifteen grams without remuneration. The jury also convicted him of delivery of cocaine. Following the convictions, the prosecuting attorney filed an information suggesting that the relator had been convicted of grand larceny on May 11, 1982, and suggested that the sentences imposed upon the relator be enhanced under the provisions of West Virginia's recidivist statute, *W. Va. Code*, 61–11–19.

The relator admitted that he had been previously convicted of grand larceny, and on August 14, 1989, the circuit court sentenced him to two consecutive terms in the State penitentiary for delivery of controlled substances. The first was for delivery of marijuana of less than fifteen grams without remuneration. Because the relator had previously been convicted of grand larceny, the sentence for this offense imposed by the circuit court was enhanced by an additional five years under the recidivist statute. The second sentence was for delivery of cocaine. The sentence for this offense was also enhanced as a result of the relator's prior grand-larceny conviction. The two drug sentences were handed down simultaneously, and the relator was denied probation.

The relator objected to the court's sentence on the marijuana charge and argued that he was entitled to mandatory probation since he had been convicted of delivery of less than fifteen grams. He also moved that the court vacate the marijuana sentence and impose mandatory probation. By order dated September 13, 1989, the circuit court denied the motion.

On appeal the relator argues that he is entitled to mandatory probation on the marijuana charge on the basis of *State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986), where this Court indicated in syllabus point 2 that:

W.Va.Code, 60A–4–402(c), mandates that a defendant guilty of a first offense for distributing less than fifteen grams of marihuana without any remuneration is entitled to mandatory probation under W.Va.Code, 60A–4–407.

In the *Carper* case, the Court concluded that probation was mandatory after examining the provisions of *W.Va.Code*, 60A–4–402(c), which the Court concluded had to be read in *pari materia* with *W.Va.Code*, 60A–4–407. *West Virginia Code*, 60A–4–402(c) provides for probation for first offense distribution of less than fifteen grams of marijuana without remuneration. The specific statutory language states:

Notwithstanding any other provision of this chapter to the contrary, any first offense for distributing less than 15 grams of marihuana without remuneration shall be disposed of under section 407 [§ 60A–4–407].

*West Virginia Code*, 60A–4–407, provides for probation for a person who has not previously been convicted under the controlled substances laws.

In *Carper*, the Court examined the policy considerations behind the laws allowing probation and noted that drug abuse was pervasive among young adults too inexperienced to be aware of the dangers of narcotics. The Court implicitly concluded that in an attempt to make some accommodation for these individuals in their first encounter with the drug laws, the Legislature had mandated probation where the first-time offender's only offense was delivery of less than fifteen grams of marijuana without remuneration.

After examining the policy considerations, the Court in *Carper* looked at the language of West Virginia's statutes and noted that *W.Va.Code*, 60A–4–402(c), specifically directed that individuals convicted of first-offense delivery of less than fifteen grams of marijuana be disposed of under the probation provisions of *W.Va.Code*, 60A–4–407. The Court then read the two statutes in *pari materia*, construed them strictly against the State as is required in the case of penal statutes, and reached the conclusion, set forth in syllabus point 2,

that one convicted of first offense distribution of less than fifteen grams of marijuana without remuneration was entitled to probation.

In *Carper*, the Court indicated that the ruling in the case was to be strictly limited to those convicted of first offense distributing less than fifteen grams of marijuana without remuneration, as specified in *W.Va.Code*, 60A–4–402(c). The Court suggested that the Court's conclusion was not to be construed as applying to other types of drug activity, and the Court specifically warned that "... nothing that we say today should be construed as sanctioning distribution for remuneration of any quantity of marihuana." *State v. Carper, Id.* 176 W.Va. at 312–313, 342 S.E.2d at 281.

The policy considerations present in the *Carper* case are not altogether present in the present case. The defendant in *Carper* distributed only marijuana. The relator in the present case was convicted of distributing both cocaine and marijuana. Rather clearly, the relator was more deeply involved in drug activity than a first time distributor without remuneration of marijuana of less than fifteen grams.

This Court believes that the Legislature, in enacting *W.Va.Code*, 60A–4–402(c), did not intend that individuals involved in the traffic of drugs other than marijuana be accorded special, mandatory probation. As previously indicated, the Legislature has been specific in *W.Va.Code*, 60A–4–402(c), as to the individuals entitled to special treatment, and in *Carper* the Court suggested that the *Carper* rule was not to be extended to those engaged in other types of drug activity.

■ The Court does not believe that the fact that the defendant's conviction of delivery of cocaine was not technically rendered prior to his conviction of delivery of marijuana alters the outcome of his case. The real question is whether he was actually only a first-offense deliverer of marijuana of less than fifteen grams without remuneration or whether he was engaged in some other sort of drug activity. The record legally establishes that he was involved in other drug activity.

Under the circumstances of this case, this Court cannot conclude that the relator is entitled to mandatory probation or that the trial court violated his rights by denying him such probation.

■ The Court, however, notes that the relator's prior grand larceny conviction was used to enhance both his marijuana sentence and his cocaine sentence.

In *State ex rel. Medley v. Skeen*, 138 W.Va. 409, 76 S.E.2d 146 (1953), this Court indicated that where two convictions are rendered on the same day, the two convictions are tantamount to one conviction within the meaning of the habitual criminal statute. Similarly, in *State ex rel. Hill v. Boles*, 149 W.Va. 779, 143 S.E.2d 467 (1965), the Court indicated that two valid pleas of guilty entered on the same day in the same court to two separate felony indictments may be considered only as a single prior felony conviction within the recidivist statute.

In reaching these conclusions, the Court considered the fact that the recidivist statute is in derogation of the common law and should be construed strictly in favor of defendants.

■ Under circumstances such as those presented in the present case, the Court believes that, in view of our prior recognition that two convictions rendered on the same day are tantamount to one conviction within the meaning of the habitual criminal statute, multiple convictions rendered on the same day should be treated as a single conviction for the purposes of the habitual criminal statute, *W.Va.Code*, 61–11–19, and multiple sentences can be enhanced under the habitual criminal statute only once where the sentences are imposed for convictions rendered on the same day. In effect, the Court believes that only one of the defendant's two convictions rendered on August 14, 1989, can properly be enhanced under the recidivist statute and that the circuit court erred in enhancing both the defendant's conviction for delivery of marijuana and delivery of cocaine.

For the reasons stated, the writ of habeas corpus heretofore issued is moulded with directions that the relator be remanded to the Circuit Court of Morgan County and that the court resentence the relator and that, in resentencing him, the court enhance only one of the two sentences pursuant to West Virginia's habitual criminal statute.

Writ as moulded issued.