**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**September 2019 Term**

**FILED**

**November 22, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0480

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**V.**

**A.D.,**
**Defendant Below, Petitioner**

_____

**Appeal from the Circuit Court of Harrison County**
**The Honorable James A. Matish, Judge**
**Criminal Action No. 16-P-138-3**

**REVERSED AND REMANDED**
_____

**Submitted: October 1, 2019**
**Filed: November 22, 2019**

J. Michael Benninger          Patrick Morrisey
Benninger Law PLLC            Attorney General
Morgantown, West Virginia     Elizabeth Davis Grant
Attorney for Petitioner       Assistant Attorney General
                              Charleston, West Virginia
                              Attorneys for Respondent

**JUSTICE JENKINS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.    "This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syllabus point 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017).

2.    "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

3.    "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syllabus point 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982).

4.    "Penal statutes must be strictly construed against the State and in favor of the defendant." Syllabus point 3, *State ex rel. Carson v. Wood*, 154 W. Va. 397, 175 S.E.2d 482 (1970).

5.    West Virginia Code § 60A-4-402(c) (2014) mandates that if a defendant who has been found guilty of a first offense for distributing less than fifteen grams of marihuana without any remuneration, and satisfies the conditions of West

i

Virginia Code § 60A-4-407 (2014), then the defendant is entitled to expungement of any record of his or her arrest directly connected to the offense as required by West Virginia Code § 60A-4-407(b).

**Jenkins, Justice:**

Petitioner A.D. [1] herein appeals from the April 15, 2018 order of the Circuit Court of Harrison County that denied her petition for expungement of her felony charge. A.D. contends that the circuit court erred when it denied her petition for expungement of a felony charge under West Virginia Code §§ 60A-4-407(a) and (b) (LexisNexis 2014) after she had pleaded guilty to a related misdemeanor charge subsequently filed under § 60A-4-401(c) (LexisNexis 2014); served a term of probation, and fully satisfied all requirements of West Virginia Code § 60A-4-407(b), and the case against her had been dismissed. Having considered the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, we find that the circuit court erred in denying A.D.'s petition for expungement of her felony charge. Accordingly, we reverse the circuit court's final order and remand this case with instructions to expunge the records of A.D.'s felony charge pursuant to West Virginia Code § 60A-4-407(b).

## I.

## FACTUAL AND PROCEDURAL HISTORY

On December 22, 2013, A.D. was involved in a car accident in Harrison County, West Virginia. Passengers in A.D.'s vehicle gave statements to law enforcement that, while driving, she was smoking a marihuana cigarette with them. Following an

---

[1] It is this Court's customary practice in cases involving sensitive facts to refer to parties by their initials rather than by their given names. *See In re Jeffrey R.L.*, 190 W. Va. 24, 26 n.1, 435 S.E.2d 162, 164 n.1 (1993).

investigation, Trooper First Class Joseph M. Bush ("Trooper Bush"), of the West Virginia State Police obtained an arrest warrant in magistrate court nine months later, on September 2, 2014, and arrested A.D. for the felony offense of possession of marihuana[2] with intent to deliver, pursuant to West Virginia Code § 60A-4-401(a)(ii).[3] On September 16, 2014, A.D. appeared with her counsel, and she was given a personal recognizance bond. The same day, she waived her preliminary hearing, and the felony matter was placed in bound-over status in the circuit court.

On October 9, 2015, nearly twenty-two months after the automobile accident, the Harrison County Prosecutor's Office ("the State") filed a criminal complaint, charging A.D. with the misdemeanor offense of unlawful possession of marihuana based upon the

---

[2] Marihuana is a Schedule I controlled substance. *See* W. Va. Code § 60A-2-204(d) (LexisNexis 2014).

[3] West Virginia Code § 60A-4-401(a)(ii) (LexisNexis 2014) states:

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Any person who violates this subsection with respect to:

. . . .

(ii) Any other controlled substance classified in Schedule I, II, or III is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than five years, or fined not more than fifteen thousand dollars, or both[.]

same conduct underlying the felony arrest warrant filed by Trooper Bush on September 2, 2014. A.D. pleaded guilty to the misdemeanor offense of possession of less than fifteen grams of marihuana without remuneration, as set out in West Virginia Code § 60A-4-401(c),[4] and was sentenced to six months of unsupervised probation. Because she was a first-time offender for possession of marihuana, the matter was held open, pending the completion of her probation, at which time the matter would be dismissed pursuant to West Virginia Code § 60A-4-407(a).[5]

---

[4] West Virginia Code § 60A-4-401(c) (LexisNexis 2014) states:

> It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection is guilty of a misdemeanor, and disposition may be made under section four hundred seven [§ 60A-4-407] of this article, subject to the limitations specified in said section, or upon conviction, such person may be confined in jail not less than ninety days nor more than six months, or fined not more than one thousand dollars, or both: Provided, That notwithstanding any other provision of this act to the contrary, any first offense for possession of Synthetic Cannabinoids as defined by subdivision (32) subsection, (d), section 101 [§ 60A-4-101], article 1 of this chapter; 3,4-methylenedioxypyrovalerone (MPVD) and 3,4-methylenedioxypyrovalerone and/or mephedrone as defined in subsection (f), section 101, article 1 of this chapter; or less than 15 grams of marijuana, shall be disposed of under said section.

[5] West Virginia Code § 60A-4-407(a) (LexisNexis 2014) states, in relevant part:

> Whenever any person who has not previously been convicted of any offense under this chapter or under any statute

3

On October 13, 2015, the State and A.D. filed a joint motion in circuit court to dismiss with prejudice her felony case for possession of marihuana with intent to distribute. The judge entered an agreed order dismissing the felony case, with prejudice. Following the expiration of A.D.'s unsupervised probation, the misdemeanor offense was dismissed in magistrate court on April 19, 2016.

With both matters having been dismissed, A.D. filed a petition for the expungement of her criminal record—both the felony charge and the misdemeanor offense—on August 16, 2016, and she subsequently filed an amended petition for expungement on October 27, 2016. The circuit court held a hearing on A.D.'s amended petition for expungement on November 3, 2016. A.D.'s counsel argued that her entire criminal record should be expunged under West Virginia Code § 60A-4-401(c) and West

of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under section 401(c) [§60A-4-401], the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him or her on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him or her. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 408 [§ 60A-4-408]. . . .

Virginia Code §§ 60A-4-407(a) and (b) because "the amount [of marihuana in A.D.'s possession] was so small that it clearly, factually qualified for a less than 15 grams under 401(c)." At the hearing, the State did not object to the expungement of either the felony or the misdemeanor records. The State further averred:

> There was at no point in time that [the former prosecuting attorney], myself, or the office believed that the charge was appropriate or fair when it was charged as a delivery of a controlled substance when you have 20 year old children, for lack of a better word, or young adults passing around a marijuana cigarette.
>
> . . . .
>
> Your Honor, and I by no stretch of the imagination am trying to disparage Trooper Bush's name, but the appropriate charge out of this would have potentially been a DUI or a DUI with injury. Both of these would be misdemeanor offenses. For whatever reason, [Trooper Bush] did not file his charges within a year of this accident. In fact, this felony charge was filed well after the year of this accident. The only thing he had left following a year was a felony charge.
>
> The appropriate charge probably could have been a DUI, which would've been a misdemeanor, but Trooper Bush did not meet his statute of limitations, and I'm not really sure if he felt that it was better to throw something at [A.D.] as opposed to nothing, but he came up with this felony charge.
>
> Never, in the history of my tenure as a prosecutor, have I seen a young adult charged with delivery of a controlled substance for smoking a joint with her friends. Yes, it's illegal, but that is not the intent behind the distribution statute, Your Honor.
>
> . . . . Ultimately, it was decided that this was an inappropriate charge, that this young lady did not deserve to be saddled with a felony for her actions as far as distribution goes.
>
> . . . .

5

> That is the State's position. I do not have an objection
> to expungement of either type[.]

Despite this testimony from the State, the circuit court concluded that it could not expunge the record of the felony charge, because, contrary to the representations made by the State, the misdemeanor plea was entered in exchange for the dismissal of the felony. *See* W. Va. Code § 61-11-25 (LexisNexis 2014) (prohibiting expungement where charges have been dismissed in exchange for a plea of guilty to another charge). The circuit court also summarily rejected A.D.'s expungement argument based on West Virginia Code § 60A-4-407(b).

On April 15, 2018, the circuit court entered an order expunging the misdemeanor plea, but denying A.D.'s petition for expungement of the records relating to her felony arrest. The circuit court found that it had the authority to expunge the misdemeanor offense pursuant to West Virginia Code § 60A-4-407(b), but declined to expunge the felony record, finding that West Virginia Code § 61-11-25 does not allow for the expungement of offenses that are dismissed in exchange for a guilty plea to another offense. A.D. now appeals the April 15, 2018 order that denied her motion to expunge the records related to her felony arrest.

6

## II.

## STANDARD OF REVIEW

On appeal, "[t]his Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017). To resolve the instant matter, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now address the issue presented.

## III.

## DISCUSSION

The parties agree that A.D.'s felony arrest was based upon her circulation of a cigarette containing less than fifteen grams of marihuana and that she received no remuneration. A.D. contends that the circuit court abused its discretion and erred when it wrongly applied West Virginia Code § 61-11-25 and refused to expunge the record of her first-offense felony arrest for possession of marihuana with intent to deliver. She also argues that, the circuit court abused its discretion when it refused to expunge her felony record under West Virginia Code § 60A-4-407(b) after she pled guilty to misdemeanor possession under § 401(c), complied with the terms of her probation granted under § 407(a), and satisfied all of the requirements under § 407(b). The State argues that West

Virginia Code § 60A-4-407(b) applies only to first offense *possession*, a misdemeanor; therefore, it cannot apply to A.D. insofar as she was arrested for *distribution*, a felony. We agree with A.D.'s interpretation of the relevant statutes.

At issue in this case are two distinct expungement statutes, West Virginia Code § 61-11-25, which is the general expungement statute, and West Virginia Code § 60A-4-407(b), which applies to certain specific first-time offenders. We find West Virginia Code § 60A-4-407(b) is the provision that should have been applied to A.D. by the circuit court.

A.D. was originally charged under West Virginia Code § 60A-4-401(a)(ii), which is a provision of the Uniform Controlled Substances Act. This was A.D.'s first drug-related offense, and it involved less than fifteen grams of marihuana.[6] The fact that A.D.'s charge involved a first-offense of distributing less than fifteen grams of marihuana, gives rise to another provision of the Act, West Virginia Code § 60A-4-402(c). West Virginia Code § 60A-4-402(c) expressly states that, "[n]otwithstanding any other provision of this chapter to the contrary, any first offense for distributing less than 15 grams of marihuana without any remuneration *shall be disposed of under section 407* [§ 60A-4-407]." (Emphasis added). The foregoing language is plain and mandatory. *See, e.g.*, Syl. pt. 2,

---

[6] The parties do not dispute that the offense involved less than fifteen grams of marihuana. The parties also do not dispute that the original charge—under West Virginia Code § 60A-4-401(a)(ii)—was not the appropriate charge. *See supra* Part I, at 5-6.

8

*State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). *See also* Syl. pt. 1, *Nelson v. W. Va. Pub. Emp.s Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982) ("It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."). Therefore, because A.D.'s felony case concerned a "first offense for distributing less than 15 grams of marihuana without any remuneration," West Virginia Code § 60A-4-402(c) requires that the matter be disposed of under West Virginia Code § 60A-4-407.

The provision of West Virginia Code § 60A-4-407 applicable to the instant matter is found in subsection (b), which clearly and unambiguously mandates expungement upon the fulfillment of certain conditions:

> After a period of not less than six months which shall begin to run immediately upon the expiration of a term of probation *imposed upon any person under this chapter*, the person may apply to the court for an order to expunge from all official records *all* recordations of his or her arrest, trial, and conviction, pursuant to this section. If the court determines after a hearing that the person during the period of his or her probation and during the period of time prior to his or her application to the court under this section has not been guilty of any serious or repeated violation of the conditions of his or her probation, *it shall order the expungement*.

W. Va. Code § 60A-4-407(b) (emphasis added). Under the language of § 60A-4-407(b), once a term of probation "imposed upon *any person*" under Chapter 60A has ended, that

9

person may then apply for expungement. (Emphasis added). After such an application has been made, the lower court must then hold a hearing in order to determine whether, "during the period of time prior to his or her application to the court under this section [the appellant] has [ ] been guilty of any serious or repeated violation of the conditions of his or her probation." *Id.* If no such violation is found, the lower court "shall order the expungement." *Id.* A.D. satisfied each of these requirements.

We find further support for our application of the foregoing statutes in this Court's decision in *State v. Carper*, 176 W. Va. 309, 342 S.E.2d 277 (1986). In *Carper*, the defendant pleaded guilty to *the delivery of* less than fifteen grams of marihuana without remuneration. After pleading guilty, the defendant's counsel argued that, under West Virginia Code § 60A-4-402(c), his client was entitled to mandatory probation pursuant to West Virginia Code § 60A-4-407. The circuit court disagreed, and found that under its interpretation of the law, West Virginia Code § 60A-4-402(c) did not apply to the defendant. As such, the defendant did not receive probation, and he was sentenced.

On appeal, the defendant argued that §§ 60A-4-402(c) and 60A-4-407 of the West Virginia Code should be read together, and therefore, probation should be mandatory. This Court agreed with the defendant's argument, and commented that "[t]his result is reached because W. Va. Code, 60A-4-402(c), states that a person whose first drug-related offense is distributing less than fifteen grams of marihuana without remuneration 'shall be

10

disposed of under' W. Va. Code, 60A-4-407." *State v. Carper*, 176 W. Va. 309 at 311,

342 S.E.2d 277 at 279. The *Carper* Court explained that,

> the actual language of W. Va. Code, 60A-4-402(c), is not confined to W. Va. Code, 60A-4-402[] offenses, as it is prefaced with the following language: "Notwithstanding any other provision of this *chapter* [Chapter 60A] to the contrary." (Emphasis added). We cannot ignore this language. Under our customary rules of statutory construction, we have often held that the legislature is presumed to intend that every word used in a statute has a specific purpose. *State ex rel. Johnson v. Robinson,* 162 W. Va. 579, 251 S.E.2d 505 (1979); *Wooddell v. Dailey,* 160 W. Va. 65, 230 S.E.2d 466 (1976).

*Carper*, 176 W. Va. 309 at 312, 342 S.E.2d 277 at 280.

Furthermore, as *Carper* recognized, the Uniform Controlled Substances Act, in particular § 60A-4-407(b), identifies the consequences of drug-related charges among young adults and, thus, provides for remedial efforts, such as probation, when only a small amount of marihuana is involved:

> This Court takes notice of the pervasive abuse of controlled drugs among adolescents and young adults too inexperienced to be aware of the dangers of narcotics. The Uniform Controlled Substances Act, *W. Va. Code*, 60A-4-401(c) and 60A-4-407 [1971] recognize[s] this problem by making first offense possession of under 15 grams of marihuana a misdemeanor with mandatory probation.

*Carper*, 176 W. Va. at 311, 342 S.E.2d at 279 (1986) (quoting *State v. Dudick*, 158 W. Va. 629, 213 S.E.2d 458, 467 (1975)). The *Carper* Court noted further, that

> *Dudick*'s comment on mandatory probation was reinforced when we spoke to the interaction between W. Va. Code, 60A-4-401, and W. Va. Code, 60A-4-407, in *State v.*

11

*Barnett*, 161 W. Va. 6, 240 S.E.2d 540 (1977). In *Barnett*, the defendant had a previous drug-related offense and we said that in this situation a court "is under no mandatory duty to dispose of the case in accordance with the provisions of *W. Va. Code*, 1931, 60A-4-407, as amended." Syllabus Point 1, in part, *State v. Barnett*, *supra*. The clear implication of *Barnett* is that if the defendant had not had a prior drug-related offense, probation would have been mandated under W. Va. Code, 60A-4-407.

*Carper*, 176 W. Va. at 311, 342 S.E.2d at 279-80. Finally, the *Carper* Court explained that

The implicit point made in *Dudick* is that where the legislature has mandated probation treatment in one section of the Uniform Controlled Substances Act, the section dealing with probation, W. Va. Code, 60A-4-407, [it] must be treated as mandatory. This is precisely the point in this case, with W. Va. Code, 60A-4-402(c), mandating treatment under the probation section, W. Va. Code, 60A-4-407.

The underlying premise of *Dudick* was that the legislature intended that less than fifteen grams of marihuana might be possessed by young adults who were unaware of its dangers. The same may be said of an unremunerative delivery of less than fifteen grams of marihuana between friends.

*Carper*, 176 W. Va. 309 at 312, 342 S.E.2d 277 at 281.

The foregoing reasoning applies not only to probation under West Virginia Code § 60A-4-407(a), but applies with equal strength to the expungement provision found in West Virginia Code § 60A-4-407(b). This is particularly true in light of the fact that "[p]enal statutes must be strictly construed against the State and in favor of the defendant." Syl. pt. 3, *State ex rel. Carson v. Wood*, 154 W. Va. 397, 175 S.E.2d 482 (1970). Indeed, the case at hand perfectly illustrates the legislature's intent and policy considerations in

12

allowing remedial measures under § 60A-4-407: a young woman was wrongly charged with a felony and she does not deserve to be burdened with a felony arrest record for the rest of her life.[7]  Accordingly, based upon the foregoing analysis, we hold that West Virginia Code § 60A-4-402(c) (2014) mandates that if a defendant who has been found guilty of a first offense for distributing less than fifteen grams of marihuana without any remuneration, and satisfies the conditions of West Virginia Code § 60A-4-407 (2014), then the defendant is entitled to expungement of any record of his or her arrest directly connected to the offense as required by West Virginia Code § 60A-4-407(b).

Applying this holding to the instant case, we find that A.D. is entitled to mandatory expungement of her felony record under West Virginia Code § 60A-4-407(b).[8] A.D. is a first-time offender whose drug-related offense involved distributing less than fifteen grams of marihuana without remuneration.  Therefore, pursuant to West Virginia Code § 60A-4-402(c), she was entitled to apply for expungement under West Virginia

---

[7] West Virginia's Uniform Controlled Substances Act is based upon a model act adopted by the National Conference of Commissioners on Uniform State Laws in 1970, and West Virginia Code § 60A-4-407 is based upon Section 407 of the model act. The reporter's notes to the model act indicate that individuals who qualify for consideration under Section 407 "are either casual drug users or experimenters[.]" UNIFORM CONTROLLED SUBSTANCES ACT § 407, Comment (1970) (in *Handbook of the National Conference of Commissioners on Uniform State Laws* 251 (1970)). The reporter's notes go on to state that Section 407 was drafted to "provide[] for confidentiality of the defendant's record" and to "preclude any permanent criminal record from attaching to and following the individual in later life." *Id.*

[8] It should be noted that A.D. was not adjudged guilty.

13

Code § 60A-4-407(b) after successfully completing her probation, and satisfying the six month waiting period. She applied in accordance with the provisions set forth in the statute; therefore, upon confirming that A.D. had not been guilty of any serious or repeated violation of the condition of her probation, the circuit court had a mandatory duty to grant her petition for expungement in accordance with the provisions of West Virginia Code § 60A-4-407(b).[9]

We caution, however, that our holding should not be interpreted as a gateway to the expungement of felony records that are not plainly and unambiguously first offenses. In other words, we limit our holding to the facts of the present case which involves an undisputed first-time offender under the clear meaning of § 60A-4-402(c). Thus, this holding should not be construed to allow for the expungement of records when an individual is—for example—charged with a first offense of possession of less than 15 grams of marihuana under § 60A-4-407(b) and simultaneously a more serious distribution charge such as the distribution of heroin. *See, e.g.*, *Hutchinson v. Dietrich*, 183 W. Va. 25, 27, 393 S.E.2d 663, 665 (1990) ("This Court believes that the Legislature, in enacting *W. Va. Code*, 60A-4-402(c), did not intend that individuals involved in the traffic of drugs

---

[9] A.D. raises two statutory arguments to support her position that her felony record should have been expunged by the circuit court. In light of our decision that the circuit court erred in failing to expunge her felony record under the mandatory provision in West Virginia Code § 60A-4-407(b), we need not address A.D.'s alternative argument that her felony record could have also been expunged under this State's general expungement statute, West Virginia Code § 61-11-25.

14

other than marijuana be accorded special, mandatory probation. As previously indicated, the Legislature has been specific in *W. Va. Code,* 60A-4-402(c), as to the individuals entitled to special treatment, and in *Carper* the Court suggested that the *Carper* rule was not to be extended to those engaged in other types of drug activity."). Under the facts of this scenario, an individual cannot manipulate the statute to obtain mandatory expungement of the heroin charge.[10]

# IV.

# CONCLUSION

For the reasons set forth above, the April 15, 2018 order of the Circuit Court of Harrison County denying A.D.'s petition for expungement of her felony arrest is reversed, and this case is remanded with instructions to the Circuit Court of Harrison County to expunge A.D.'s felony record under West Virginia Code § 60A-4-407(b).

Reversed and Remanded.

---

[10] An individual also cannot manipulate the statute to obtain additional dismissals at a later time. "There may be only one discharge and dismissal under this section with respect to any person." W. Va. Code § 60A-4-407(a).