STATE *ex rel.* ROBERT DAVIS

*v.*

THE HONORABLE HARVEY OAKLEY, *Judge, Circuit Court of Logan County and* OVAL D. DAMRON, *Prosecuting Attorney, Logan County, etc.*

(No. 13226)

Submitted September 6, 1972.    Decided October 3, 1972.

*Barrett & Chafin, Lafe C. Chafin, W. Bernard Smith,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for respondents.

BERRY, JUDGE:

This is a proceeding in prohibition instituted under the original jurisdicton of this Court by the State of West Virginia at the relation of Robert Davis, hereinafter referred to as petitioner, to prohibit the Honorable Harvey Oakley, Judge of the Circuit Court of Logan County, West Virginia from proceeding further against the petitioner under an indictment for receiving a bribe while acting as a deputy sheriff of Logan County in violation of Code, 61-5-7, as amended, or from exercising jurisdiction in any manner in connection with said indictment. A rule to show cause was issued against the respondents on July 11, 1972 returnable September 6, 1972 at which time the case was submitted for decision on arguments and briefs of the parties. The petitioner filed a demurrer to the respondents' return and answer.

The petitioner asserts that the indictment in question charges him with accepting a bribe as a deputy sheriff and that Code, 61-5-7, as amended, purports to prohibit any "county official, either elected or appointed" from receiving or offering a bribe, and therefore he cannot be indicted under said statute because a deputy sheriff is merely an employee of the county and is not a county official.

There is a conflict of authority with regard to the question of whether a deputy sheriff is a public official or an employee, but it is not necessary to decide that question in the disposition of this case. Moreover, that question is now moot as far as this case is concerned because in 1970 the legislature by Chapter 3 of the Second Extraordinary Session enacted the "Bribery and Corrupt Practices Act"

which included all governmental employees as well as public officials within the bribery statute. 61-5A-2 (2).

The petitioner also contends that the title to Chapter 37, Acts of the Legislature, 1959, which amended Code, 61-5-7 by adding "or other county official, either elected or appointed" as an additional class of people to be included under this bribery statute, was unconstitutional because the title stated that the act related only to the bribery of commissioner of court, auditor, justice of the peace, arbitrator, umpire or juror and did not include "or other county official, either elected or appointed". Therefore, petitioner contends that the title did not contain sufficient reference to the intent and purpose of the amended act and is therefore unconstitutional under the provisions of Article VI, Section 30 of the Constitution of West Virginia.

The pertinent part of Article VI, Section 30 of the Constitution of West Virginia relating to the question involved in the case at bar reads as follows: "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed, the act shall be void only as to so much thereof, as shall not be so expressed, * * *."

The title to the Act of the Legislature, 1959, Chapter 37, which amended Code, 61-5-7, reads as follows: "AN ACT to amend and reenact section seven, article five, chapter sixty-one of the code of West Virginia, one thousand nine hundred thirty-one, as amended, relating to bribery of commissioner of court, auditor, justice of the peace, arbitrator, umpire, or juror, and providing penalties for violations." The title contains the same object or subject relating to the bribery of the same six positions as contained in the title to Chapter 93, Acts of the Legislature, 1925, which was attempted to be amended by Chapter 37, Acts of the Legislature, 1959, by adding in the Act the words "or other county official, either elected or appointed" in two places. The title to

Chapter 93, Acts of the Legislature, 1925, is in effect identical to the wording of the title to Chapter 37, Acts of the Legislature, 1959, and reads as follows: "AN ACT to amend and re-enact section seven, of chapter one hundred and forty-seven, code, relating to the offense of bribery of court commissioners, jurors, justices of the peace, umpires, auditors or arbitrators." The code reference referred to was in Barnes Code and carried over into the 1931 Code as Chapter 61, Article 5, Section 7.

The object of the Act, Chapter 37 of the Acts of the Legislature, 1959, was to include the bribery of other county officials, either elected or appointed but this object was not contained in the title. The purpose of Article VI, Section 30 of the Constitution of West Virginia is to prevent the concealment of the true purpose of an act from the public and the legislature and to advise the legislators and the public of the contents of the proposed act of the legislature. *State v. Voiers,* 134 W.Va. 690, 61 S.E.2d 521; *City of Wheeling v. American Casualty Co.,* 131 W.Va. 584, 48 S.E.2d 404. Certainly, no one reading the title could by any stretch of the imagination assume that the object of the act related to bribery of a "county official, either elected or appointed" because it is not referred to in the title.

The question with regard to an object embraced in an act which is not expressed in the title was considered in the case of *State ex rel. Myers v. Wood,* 154 W.Va. 431, 175 S.E.2d 637, which involved a criminal offense contained in a civil act without any reference to the criminal offense in the title and it was stated that such a situation was a serious matter and that: "The courts in this and other states are strict in their decisions involving criminal matters or penalties with regard to requiring the object of the Act to be contained in the title in order to advise the public of the intention of an act passed by the legislature." Matters involving penal statutes are construed strictly against the state and in favor of the citizen. 17 M.J., *Statutes,* § 67; *Dials v. Blair,* 144 W.Va. 764, 111 S.E.2d 17; *State v. Pyles,* 86 W.Va. 636, 104 S.E.

100. It was held by this Court in the *Myers* case that the criminal section contained in the act was unconstitutional because it was not mentioned in the title. This matter is discussed in 50 AM. JUR., *Statutes,* § 169, at page 149, in the following language: "A challenge of the sufficiency of the law under constitutional provisions relating to its title is not a technical objection to be treated lightly by the courts. Indeed, it is the sworn duty of the courts to enforce these provisions, the same as any other constitutional provisions, and the courts cannot uphold an act, or part of an act, the subject of which is not mentioned in the title, and is not within the scope thereof; if the title imports one subject, while the statute itself shows a different subject to be its purpose, the act is unconstitutional on the ground that its subject is not expressed in its title. In cases falling within the reasons upon which the constitutional provision rests, it will be strictly enforced by the courts. A tendency toward such strict application is especially discernible where it is necessary to prevent unwholesome and mischievous laws."

It is true that if the title to the act had merely stated that the act related to the offense of bribery we would not have the difficulty we are confronted with in this case. However, the title refers specifically to the bribery of persons in certain positions and other county officials are not mentioned. Therefore, Code, 61-5-7, as amended, is void as to that part which is not mentioned in the title.

The case of the *City of Huntington v. Chesapeake & Potomac Tel. Co.,* 154 W.Va. 634, 177 S.E.2d 591, cited in respondents' brief involved a civil matter pertaining to taxes but the object in the title of the act was stated *generally* in that case. The title to the act involved in that case stated: "* * * relating to an annual tax on income of certain carriers". Part of the statute provided that no city or any other governmental subdivision of the state could levy a license or any other " * * * kind of tax on the business taxed under * * *" that act. It was held that this part of the act was not unconstitutional because it

related to taxes and was therefore clearly related to the object expressed in the title to the act.

The recent case of *State v. Welkner,* 259 La. 815, 253 So. 2d 192, involves a situation somewhat similar to that in the case at bar. The Louisiana Court, in that case, held invalid that part of an act which amended an existing act to include the regulation of amphetamines, barbiturates, and hallucinogens to the already existing regulation of certain narcotic drugs and marijuana while at the same time the title to the act was not changed to put anyone on notice that amphetamines, barbiturates and hallucinogens had been added to this section of the act.

It is therefore clear that the amended act, Chapter 37, Acts of the Legislature, 1959, amending Code, 61-5-7, is in violation of Article VI, Section 30 of the Constitution of West Virginia as to the added part concerning other county officials because they are not mentioned in the title.

For the reasons stated herein, the writ prayed for is granted.

*Writ granted.*