294 S.E.2d 177

**STATE of West Virginia**

v.

**John E. VANDALL.**

**No. 14828.**

Supreme Court of Appeals of West Virginia.

July 8, 1982.

Ernest M. Douglass, Parkersburg, for appellant.

Chauncey H. Browning, Atty. Gen., and Wayne Basconi, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This appeal necessitates an interpretation of the enhancement provisions of the West Virginia drunk driving statute, W.Va.Code, 17C–5–2 (1976). Specifically, the question presented is whether a prior drunk driving conviction obtained under a municipal ordinance may be used to enhance the penalty imposed under W.Va.Code, 17C–5–2 (1976), for a conviction of drunk driving. We hold that it may not.

The defendant, John E. Vandall, was charged with violating W.Va.Code, 17C–5–2 (1976), which prohibits driving a motor vehicle while under the influence of alcohol. He was tried before a jury in the Circuit Court of Wood County. The trial was bifurcated. In the first part of the proceeding, evidence was presented showing that on June 12, 1979, the appellant had driven a motor vehicle upon a public highway while under the influence of alcohol. At the conclusion of that portion of the trial, the jury found that the appellant was guilty as charged.

In the second part of the proceeding, the prosecution presented evidence showing that three years prior to the June 12, 1979 offense, the defendant had pled guilty to a

charge of violating a Parkersburg municipal ordinance prohibiting the driving of a motor vehicle while under the influence of intoxicating liquor. The jury found this allegation to be true. The trial court then invoked the enhanced penalty provisions of W.Va.Code, 17C–5–2 (1976), accorded second offenders. It revoked the appellant's operators license for ten years and sentenced him to six months in jail. The punishment accorded first offenders is six months' operator's license revocation and not less than 24 hours, nor more than six months in jail.[1]

■ The defendant urges that we apply our settled law of statutory construction involving penal statutes as set out in Syllabus Point 2 of *State v. Ball*, 164 W.Va. 588, 264 S.E.2d 844 (1980):

> " 'Penal statutes must be strictly construed against the State and in favor of the defendant.' Syl. pt. 3, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970)."

When this standard is applied to W.Va. Code, 17C–5–2 (1976), the defendant asserts that the plain language of W.Va. Code, 17C–5–2 (1976), indicates that the offenses for which enhanced penalties can be given are limited to those involving "violat[ions] [of] any provisions of this section." W.Va.Code, 17C–5–2 (1976).

■ The State argues that municipalities have the power to enact ordinances relating to driving under the influence of intoxicating liquor. We recognize this point. W.Va.Code, 8–12–5(21) (1981). However, the fact that a municipality has the power to enact such ordinances does not answer the question whether a conviction under such ordinance may be used for enhancement purposes under W.Va.Code, 17C–5–2 (1976). Additionally, the State argues that W.Va.Code 17B–3–4 (1951), permits judgments of police or mayor's courts to be utilized for purposes of revocation of an operator's license. This argument, however, seems to cut against the State's position. The express language of W.Va.Code, 17B–3–4 (1951), is limited to revocation and suspension of operator's and chauffeur's license.[2]

---

1. The enhancement provision of W.Va.Code, 17C–5–2 (1976), in effect at the time this action was prosecuted in material part provides:

   "(c) A person violating any provisions ... of this section shall, for the first offense, be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for a period of not less than twenty-four hours nor more than six months and, in addition to such mandatory jail sentence, such person may be fined not less than fifty nor more than one hundred dollars; and, in every case of such conviction, such convicted person's operator's or chauffeur's license shall be revoked for a period of six months.

   "(d) A person violating any provision ... of this section shall, for the second offense occurring within a five-year period, be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for a period of not less than six months nor more than one year, which sentence shall not be subject to probation; and whenever the records of the department disclose that a conviction is the second such conviction of such person within a period of five years for a violation of ... this section, his operator's or chauffeur's license shall be revoked by the commissioner for a period of ten years, unless it is restored by the department as hereinafter provided."

2. The material portions of W.Va.Code, 17B–3–4 (1951), are:

   "Whenever a conviction is had in any court of record, or in a justice's court, or in the police court or mayor's court of any incorporated municipality, for the violation of any law of this State governing or regulating the licensing or operation of any motor vehicle, or for the violation of any provision of a charter, or bylaw, or ordinance of such incorporated municipality governing or regulating the operation of motor vehicles, except regulations governing standing or parking, the clerk of every such court, or the justice, or the clerk or recorder of such municipality, as the case may be, shall in each case transmit to the department within seventy-two hours after such conviction is had a certified abstract of the judgment on such conviction.

   "Whenever any person is convicted of any offense for which a provision of this chapter makes mandatory the revocation or suspension of the operator's or chauffeur's license of such person by the department, the court in which such conviction is had shall require the surrender to it of all operator's and chauffeur's licenses then held by the person so convicted and the clerk of every said court, or the justice, or the clerk or the recorder of a municipality, as the case may be, shall thereupon forward the same to the department with the abstract of the judgment on such conviction."

**376**

The Legislature, of course, could have placed a similar provision in W.Va.Code, 17C–5–1, *et seq.*, relating to convictions in police and mayor's courts as being usable for enhancement of punishment under W.Va.Code, 17C–5–2 (1976). The absence of such provision in W.Va.Code, 17C–5–1, *et seq.*, coupled with the express language in W.Va.Code, 17C–5–2(c) (1976), that confines the enhancement provisions to "[a] person violating any provision of *this section* shall, for a second offense," when read in light of our traditional construction of penal statutes compels the conclusion that the defendant's prior municipal conviction could not be used for an enhancement under W.Va.Code, 17C–5–2 (1976).

For the foregoing reasons, the defendant's enhanced sentence must be set aside. However, the defendant is not entitled to a new trial since he has a valid conviction under W.Va.Code, 17C–5–2 (1976), and the trial court may impose a proper sentence under that section without any enhancement. *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805, 812 (1979); *State ex rel. Boner v. Boles*, 148 W.Va. 802, 137 S.E.2d 418 (1964).

The sentence of the Circuit Court of Wood County is, therefore, vacated and the case is remanded for resentencing.

Sentence Vacated Case Remanded.