368 S.E.2d 717

**STATE of West Virginia, ex rel. Ronald Ray COOMBS**

v.

**Jay C. BARNETTE, Sheriff of Braxton County.**

No. 18355.

Supreme Court of Appeals of West Virginia.

April 21, 1988.

348

Gregory J. Campbell, Charleston, for Ronald Ray Coombs.

James Wilson Douglas, P.A., Sutton, for Jay C. Barnette.

NEELY, Justice:

On 29 June 1987, Ronald Ray Coombs pled guilty to three misdemeanor charges of sexual abuse in the third degree in violation of *W. Va. Code*, 61–8B–9 [1984]. On 20 August 1987, Mr. Coombs was sentenced by the Circuit Court of Braxton County to confinement in the Braxton County Jail for a period of not less than ninety days on each charge with the sentences to run consecutively. That same day, Mr. Coombs was transported to the Braxton County Jail and placed in the custody of the respondent, Sheriff Jay C. Barnette. On 23 October 1987, the sentence of Mr. Coombs was amended to allow thirteen days of credit for the time he served in jail before sentencing, thus giving Mr. Coombs an effective sentencing date of 7 August 1987.

On petition for a writ of *habeas corpus*, Mr. Coombs asserts that he is being illegally detained by the Sheriff of Braxton County because he has discharged the sentence imposed on him by the Circuit Court of Braxton County. We agree and award the writ.

I

■ *W. Va. Code*, 7–8–11 [1963] asserts, in pertinent part:

Every prisoner sentenced to the county jail for a term exceeding six months who, in the judgment of the sheriff, shall faithfully comply with all rules and regulations of said county jail during his term of confinement shall be entitled to a deduction of five days from each month of his sentence.

At issue in the present case is whether Mr. Coomb's three consecutive ninety day sentences entitled him to good time credit of five days a month under *W. Va. Code*, 7–8–11 [1963]. Respondent asserts that *W. Va. Code*, 7–8–11 [1963] allows the five day "good time" deduction only to prisoners who are sentenced to terms exceeding six months. Therefore, Mr. Coombs' three consecutive ninety day sentences do not come within *W. Va. Code*, 7–8–11 [1963] and Mr. Coombs does not qualify. We disagree.

■ Although we have not addressed this exact issue before, in Syl.Pt. 1, *State ex rel. Gillespie v. Kendrick,* 164 W.Va. 599, 602, 265 S.E.2d 537 (1980), we held that the county jail good time statute is mandatory if the prisoner qualifies. "County jail prisoners have the statutory right to good time credits and it is mandatory that they be granted their credits if they 'faithfully comply with all rules and regulations. *W.Va. Code,* 7-8-11.'" 164 W.Va. at 603-604, 265 S.E.2d at 538.

■ Good time credit for prisoners has been recognized by both state and federal courts as a valuable liberty interest guaranteed by the fifth and fourteenth amendments.[1]

The U.S. Supreme Court said in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974):

> But the State having created the right to good time ... the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state created right is not arbitrarily abrogated.
>
> We think a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchstone of due process is protection of the individual against arbitrary action of the government, *Dent v. West Virginia,* 129 U.S. 114, 123 [9 S.Ct. 231, 233, 32 L.Ed. 623] (1889).

418 U.S. at 557-558, 94 S.Ct. at 2975-2976.

Furthermore, our state prison good time statute, *W.Va. Code,* 28-5-27(e) [1984] provides: "An inmate under two or more consecutive sentences shall be allowed good time as if the several sentences, when the maximum terms thereof are added together, were all one sentence." We see no reason why a prisoner serving time in jail should be treated differently than an inmate serving time in a prison.

■ The public policy behind the enactment of our state's good time statutes, *W.Va. Code,* 7-8-11 [1963] and *W.Va. Code,* 28-5-27(e) [1984], is to provide the prisoner with an incentive to conduct himself according to the rules and regulations of the institution. It makes no difference to a prisoner if he is serving 270 days to fulfill three ninety day consecutive sentences or simply serving one nine month sentence. Therefore, if a prisoner is sentenced to a jail for more than six months, it makes no difference whether his jail sentence relates to one offense or multiple offenses. He still is entitled to the good time credit of five days a month provided by *W.Va. Code,* 7-8-11 [1963].

■ Finally, we must acknowledge that this case deals with the interpretation of a criminal statute and our traditional rule in this regard is expressed in Syllabus Point 3, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970):

> "Penal statutes must be strictly construed against the State and in favor of the defendant." [2]

We believe that the due process rights provided by the fourteenth amendment, the entitlement to good time credit for prisoners under *W.Va. Code,* 28-5-27(e) [1984], and our customary rules of statutory construction compel the conclusion that *W.Va. Code,* 7-8-11 [1963] allows good time credit for county jail prisoners sentenced to jail for cumulative terms totalling more than six months.

Writ awarded.

1. In Syl.Pt. 2 of *State ex rel. Gillespie v. Kendrick,* we held, "Good time credit is a valuable liberty interest protected by the due process clause, W.Va. Const. Art. III, § 10." 164 W.Va. at 604, 265 S.E.2d at 538.

2. *See also, State v. Hager,* 176 W.Va. 313, 342 S.E.2d 281 (1986); *State v. Hodges,* 172 W.Va. 322, 305 S.E.2d 278 (1983); *State v. Vandall,* 170 W.Va. 374, 294 S.E.2d 177 (1982); *State v. Barnett,* 168 W.Va. 361, 284 S.E.2d 622 (1981); *State v. Cole,* 160 W.Va. 804, 238 S.E.2d 849 (1977); *State ex rel. Davis v. Oakley,* 156 W.Va. 154, 191 S.E.2d 610 (1972).