413 S.E.2d 107

Cleve BENEDICT, in his official capacity as Commissioner of Agriculture and in his individual capacity as a citizen and taxpayer of West Virginia on Behalf of all citizens and taxpayers of West Virginia, and West Virginia Board of Osteopathy, Petitioners Below, Appellees,

v.

Charles M. POLAN, Secretary, Department of Administration and Commissioner, Division of Finance and Administration; Glen B. Gainer, Auditor; and Larrie Bailey, Treasurer Respondents Below, Appellants.

No. 20116.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1991.

Decided Dec. 13, 1991.

---

Jan L. Fox, Deputy Atty. Gen., Charleston, for appellants.

Webster J. Arceneaux, III, Sp. Asst. Atty. Gen., Lewis, Ciccarello and Friedberg, Charleston, for appellees.

WORKMAN, Justice:

The question presented to this Court is whether the Circuit Court of Kanawha County correctly ruled that House Bill No. 4456 (1990) unconstitutionally transferred monies from three special revenue accounts for the benefit of the Division of Human Services, Department of Health and Human Resources ("DHS"). After reviewing the pertinent statutory and constitutional provisions, we conclude that the transfer of funds contemplated by House Bill No. 4456 and sought by appellants, those individuals holding the respective titles of secretary, department of administration and commissioner, division of finance and administration, auditor, and treasurer, was unlawful.

During the 1990 regular legislative session, a supplemental appropriation bill, which was later designated as House Bill No. 4456, was introduced for the purpose of transferring approximately twenty million dollars from approximately sixty special revenue accounts to an account to benefit the DHS. On March 10, 1990, both houses of the legislature passed House Bill No. 4456 and the bill became law. Inclusive within the twenty million dollars designated to be transferred pursuant to House Bill No. 4456 was $450,000 from two Department of Agriculture special revenue accounts and $25,000 from a West Virginia Board of Osteopathy special revenue ac-

count. The appellees, the Commissioner of Agriculture and the West Virginia Board of Osteopathy, refused to transfer those monies designated by House Bill No. 4456 on various constitutional grounds.

On June 7, 1990, appellees filed a petition with the Circuit Court of Kanawha County seeking a rule to show cause why a writ of mandamus should not be issued to prohibit appellants from transferring money from the targeted special revenue accounts pursuant to House Bill No. 4456. The circuit court entered an order on June 7, 1990, which directed appellants to show cause why a preemptory writ of mandamus should not be awarded against them. On July 24, 1990, appellants filed a petition seeking a writ of mandamus for the purpose of instructing appellees to comply with the mandate of House Bill No. 4456. Following an evidentiary hearing which was held on July 24, 1990, and the submission of post-hearing memoranda from the parties, the circuit court issued a final order on October 17, 1990, wherein it determined that House Bill No. 4456 was unconstitutional and therefore denied the writ of mandamus sought by appellants. Based on this ruling, the circuit court determined that it was unnecessary to address appellees' request for a writ of mandamus. This appeal arises from the denial of the writ of mandamus sought by appellants.

The circuit court found that the legislature violated section 30 of article VI of the West Virginia Constitution through its enactment of House Bill No. 4456. That section of the state constitution provides in pertinent part:

No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed, the act shall be void only as to so much thereof, as shall not be so expressed,....

The circuit court based its conclusion that House Bill No. 4456 violated article VI, section 30 on incorrect reasoning. It determined that this Court in *Dadisman v. Moore*, 181 W.Va. 779, 384 S.E.2d 816 (1988), held that article VI, section 30 pre-

vented the legislature from expropriating funds from the Public Employees Retirement System *during* the fiscal year. However, that particular ruling in *Dadisman* was not predicated on article VI, section 30, but rather on our conclusion that the expropriation was in violation of West Virginia Code § 12–3–12 (Supp.1988) as then in effect.[1]

■ The objective of article VI, section 30 "is to prevent the concealment of the true purpose of any act from the public and the legislature and to advise the legislators and the public of the contents of the proposed act of the legislature." *State ex rel. Davis v. Oakley*, 156 W.Va. 154, 157, 191 S.E.2d 610, 612 (1972). House Bill No. 4456 clearly enunciated its purpose as a supplementary appropriations bill. Accordingly, we do not find a violation of article VI, section 30. Moreover, as this Court previously recognized in *State ex rel. Key v. Bond*, 94 W.Va. 255, 118 S.E. 276 (1923), the requirement that each act shall contain only one object is inapplicable to appropriation bills which are controlled instead by the budget amendment, article VI, section 51. *See id.* 94 W.Va. at 273, 118 S.E. at 284.

■ The importance of *Dadisman* to the case at bar is its recognition "that the Legislature cannot amend general substantive statutes with budgetary language." 181 W.Va. at 788 and Syl. Pt. 13, 384 S.E.2d at 825 and Syl. Pt. 13. The circuit court determined that:

> House Bill No. 4456 violated the terms of substantive statutes through budgetary language in that supplemental appropriation bill in two respects: (a) by requiring money to be expropriated in violation of W.Va.Code § 12–2–2[ (j) ] [1991] which provides in part that all money collected in special revenue accounts 'shall be carried in separate accounts to be used and expended only for the purposes for which the same are authorized to be collected by law'; and (b) by requiring money to be expropriated from numerous special revenue accounts created by substantive enactments that state the money is to be expended only for limited purposes.

Based on *Dadisman*, the circuit court ruled that the legislature "may not therefore amend or violate substantive statutes by passage of a supplemental appropriation bill such as House Bill No. 4456 which requires money to be spent and expropriated in a manner contrary to that already provided by statute."

Upon further consideration of the term "amend" as it was used in *Dadisman*, we note that such term does not properly or fully encompass what the legislature was doing in that case and in this case. Rather than seeking an outright or even an indirect amendment of the requirements of West Virginia Code § 12–2–2(j), the legislature, in actuality, was simply seeking to accomplish its goal *in violation* of that substantive law. We cannot view the legislature's actions in this case as an attempt to amend the substantive law of West Virginia Code § 12–2–2(j) because nothing in House Bill No. 4456 suggests that with respect to future appropriations from special revenue accounts the provisions of West Virginia Code § 12–2–2(j) have been annulled. While the *effect* of the legislature's action in both *Dadisman* and the case *sub judice* could arguably and creatively be viewed as an amendment, we think that it should be viewed more properly as a violation of a substantive statute. In view of this, we accept and affirm the circuit court's modification of *Dadisman* as prohibiting the legislature from amending or *violating* substantive statutes through the passage of a supplemental appropriations bill.

■ The passage of recent legislation demonstrates the proper procedure for expropriating excess funds from special revenue accounts. The following proviso was included in West Virginia Code § 21–11–17(a) (Supp.1991), which created a special revenue account entitled, the West Virginia Contractor Licensing Board Fund: "Amounts collected which are found from time to time to exceed the funds needed for purposes set forth in this article may be

---

1. West Virginia Code § 12–3–12 was amended in 1989 to provide that "[t]he Legislature may expire or provide for the expiration of any ap-propriation prior to the end of the fiscal year for which it is made."

transferred to other accounts or funds and redesignated for other purposes by appropriation of the Legislature." Similar language was included in the bill which was enacted as West Virginia Code § 13–3–5a (Supp.1991). Absent language in the legislation creating special revenue accounts which expressly permits transfer and redesignation of funds for purposes other than those expressly provided, West Virginia Code § 12–2–2(j) imposes a restriction on the use of moneys collected and held in special revenue accounts. Accordingly, we agree with the circuit court's conclusion that House Bill No. 4456 violated West Virginia Code § 12–2–2(j) by requiring money to be expropriated from special revenue accounts in violation of the statutory directive that such moneys shall be expended only for those limited purposes for which they are authorized to be collected. We find this violation to be fatal with respect to that bill.

If the legislature wants to appropriate surplus funds from special revenue accounts, that body could enact an across-the-board amendment which would permit appropriation of funds contained in special revenue accounts when there is a surplus. Barring this type of all-inclusive amendment, however, the legislature will have to amend specific statutes creating particular special revenue accounts to accomplish this same purpose.

The circuit court found further grounds for declaring House Bill No. 4456 unconstitutional by examining a portion of the modern budget amendment which is located in article VI, section 51(C)(7). That section provides, in pertinent part, that: "(b) each supplementary appropriation bill shall provide the revenue necessary to pay the appropriation thereby made by a tax, direct or indirect, ... unless it appears from such budget that there is sufficient revenue available." The circuit court's order represents that the parties agreed that House Bill No. 4456 does not enact tax revenues to fund the appropriation. The only relevant issue left then for the trial court to determine with respect to the above-quoted section of the modern budget amendment was whether "sufficient revenue [was] available."

■■■ Assuming, *arguendo*, that House Bill No. 4456 was not rendered unlawful based on its violation of the terms of West Virginia Code § 12–2–2(j), as discussed above, the existence of a surplus in the applicable special revenue accounts would have constituted the requisite "sufficient revenue." *See* W.Va. Const. art. VI, § 51(C)(7). The existence of such surplus is contested, and we do not determine whether in fact a surplus existed in the three special revenue accounts at issue here, only that the existence of a surplus would fulfill the constitutional requirement that sufficient revenue be available for all appropriations. We do wish to address, however, the circuit court's rejection of the "historical method analysis" as a means of projecting the existence of surplus in a special revenue account. This method, as its name suggests, involves an examination of past expenses over a specified period of time in conjunction with current revenues, actual and anticipated, to project whether a surplus can be expected with respect to a given fiscal year. The legislature utilized this method to identify which special revenue accounts could be included in House Bill No. 4456 based on projected surplus. Because it refused to recognize the "historical method analysis" as a proper means of projecting future surplus in the special revenue accounts designated by House Bill No. 4456, the circuit court determined that the bill was in violation of article VI, section 51(C)(7) of the state constitution.

We concur with appellants' reasoning that because the modern budget amendment does not define or limit in any way the method by which the existence of a surplus may be determined or, as in this case projected, the constitutional language at issue meets the requisite standard of ambiguity which in turn permits a court to look to custom and usage for construction purposes. *See Robertson v. Hatcher*, 148 W.Va. 239, 256, 135 S.E.2d 675, 686 (1964). Appellants represent that with regard to the past ten years, surplus revenues have been shifted from special revenue accounts

to other accounts on at least five occasions. Since the legislature has customarily shifted surplus funds from special revenue accounts through the use of historical averaging, there would not appear to be any prohibition against this mechanism for determining the existence of a surplus when a supplemental appropriation is sought before the end of the fiscal year.

■ We establish no guidelines regarding the number of budget years which must be utilized when calculating revenues by use of this historical averaging method, but do require that a sufficient period of time be analyzed to comport with the constitutional requirement of "sufficient revenue." We do suggest, however, that the legislature may want to consider enacting legislation which defines or further describes the term surplus and how the existence of a surplus may be determined. This would eliminate any constitutional objection on grounds of failure to establish "sufficient revenue," thereby avoiding unnecessary constitutional challenges to appropriations such as that at issue. *See* W.Va. Const. art. VI, § 51(C)(7). Once an across-the-board amendment to West Virginia Code § 12–2–2(j) is enacted or the statutes creating the respective special revenue accounts are amended to provide for the transfer and redesignation of funds collected and held in those accounts, then this practice of historical averaging could properly be used to project surplus funds with respect to those accounts. This practice could be used immediately with respect to those special revenue accounts which already expressly provide that revenues may be transferred and redesignated. *See* W.Va.Code §§ 21–11–17(a) and 13–3–5a.

We do not address any further grounds of unconstitutionality given the rulings set forth herein. We do state, however, that with regard to any transfers of funds from special revenue accounts other than those at issue in this case that were made pursuant to House Bill No. 4456, no challenge can now be made on the grounds of unconstitutionality because the fiscal year at issue has passed, and these funds will re-main in the accounts to which they may have been transferred.

Based on the foregoing opinion, the decision of the Circuit Court of Kanawha County is hereby reversed in part and affirmed in part.

Reversed in part; Affirmed in part.