446 S.E.2d 695

**STATE of West Virginia ex rel. Marshall GOFF, Petitioner,**

v.

**Honorable Rodney B. MERRIFIELD, Judge of the Circuit Court of Marion County, and Ron Watkins, Sheriff of Marion County, Respondents.**

No. 22088.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 1994.

Decided June 17, 1994.

**475**

Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for respondent Rodney B. Merrifield.

McHUGH, Justice:

In the case before this Court, the petitioner, Marshall Goff, seeks a writ of habeas corpus against the respondents, the Honorable Rodney B. Merrifield, Judge of the Circuit Court of Marion County, and Ron Watkins, Sheriff of Marion County. The petitioner seeks his immediate release from the Marion County jail.[1]

I

In February, 1993, the petitioner was indicted by the Marion County grand jury for the following offenses: Count I: aggravated robbery; Count II: conspiracy to commit a felony; Count III: entering without breaking; and Count IV: intimidation of a witness (misdemeanor).

The petitioner entered into a plea agreement with the State whereby the petitioner plead guilty to Counts I and IV. The State agreed to dismiss the remaining Counts of the indictment, Counts II and III.

On March 31, 1993, the respondent judge, in essence, adopted the State's sentencing recommendations and ordered that the petitioner be confined on Count I in the West Virginia Penitentiary for ten years, sentence suspended, and placed on probation for a period of five years, subject to the condition of probation that the petitioner would serve six months in the Marion County jail. On Count IV, the respondent judge ordered that the petitioner be confined in the Marion County jail for a period of six months and fined $25.00. The respondent judge further ordered that the two six-month periods run consecutively, with the petitioner serving the six-month period on Count IV second.

On August 2, 1993, the petitioner petitioned the circuit court asking the court to allow him good time credit if he complied

Dana R. Shay, Fairmont, for petitioner.

James H. Hearst, Asst. Pros. Atty., Fairmont, for respondent Ron Watkins.

1. The petitioner had originally filed a writ of prohibition along with the writ of habeas corpus. The petitioner sought to prohibit the respondent judge from interfering with the petitioner visiting with his girlfriend, Margaret Kennedy, at the jail. Following the oral argument of counsel before this Court and the submission of this opinion, the writ of prohibition has become moot in that the issue behind the writ has been resolved below. On February 22, 1994, the respondent judge entered an order allowing the petitioner to have contact with Ms. Kennedy.

with the jail's rules and regulations. The circuit court, however, denied the petitioner's request.

On August 16, 1993, the petitioner became a trustee in the jail. On October 5, 1993, a hearing was held regarding the petitioner's request that he be allowed to receive trustee credit on his six-month term as a condition of probation. The court denied the petitioner's request.

## II

There are two issues to be decided in this case. First, is whether a person who is ordered to serve a consecutive six-month period in the county jail as a condition of probation for one offense and also sentenced to serve an additional six-month period in the county jail on another offense, with the two periods to be served consecutively, is eligible for good time credit pursuant to *W.Va.Code,* 7–8–11 [1986]. Second, is whether that same person is entitled to trustee credit pursuant to *W.Va.Code,* 17–15–4 [1987].

We begin by noting that this writ of habeas corpus may be moot in that the petitioner was to be released from the county jail in March of 1994.[2] However, because this issue is capable of repetition, a resolution is needed, and we therefore decline to apply the doctrine of mootness. *See* syl. pt. 1, *Citizen Awareness Regarding Education v. Calhoun County Publishing, Inc.,* 185 W.Va. 168, 406 S.E.2d 65 (1991). Thus, we will interpret the relevant statutes and resolve the above issues under the facts of this case.

The statutory mandate regarding good time credit is found in *W.Va.Code,* 7–8–11 [1986]:

> Every prisoner sentenced to the county jail for a term exceeding six months who, in the judgment of the sheriff, shall faithfully comply with all rules and regulations of said county jail during his term of confinement shall be entitled to a deduction of five days from each month of his sentence.

This Court expounded upon this provision in *State ex rel. Coombs v. Barnette,* 179 W.Va. 347, 368 S.E.2d 717 (1988).

In *Coombs,* the petitioner was ordered to serve three consecutive ninety-day sentences stemming from his guilty plea on three misdemeanor charges of sexual abuse. We granted the petitioner good time credit for his cumulative terms of more than six months pursuant to *W.Va.Code,* 7–8–11 [1963][3] as held in syllabus point 3 of *Coombs:* "*W.Va.Code,* 7–8–11 [1963] allows good time credit for county jail prisoners sentenced to jail for cumulative terms of more than six months."

In arriving at the decision to permit the cumulation of terms, we reiterated in syllabus point 1 of *Coombs* that:

> 'County jail prisoners have the statutory right to good time credits and it is mandatory that they be granted their credits if they "faithfully comply with all the rules and regulations. *W.Va.Code,* 7–8–11." ' Syl.Pt. 1, *State ex rel. Gillespie v. Kendrick,* 164 W.Va. 599, 265 S.E.2d 537 (1980).

Moreover, we stressed the due process concerns associated with good time credit in syllabus point 2 of *Coombs,* which stated that " '[g]ood time credit is a valuable liberty interest protected by the due process clause, W.Va. Const. Art. III, § 10.' Syl.Pt. 2, *State ex rel. Gillespie v. Kendrick,* 164 W.Va. 599, 265 S.E.2d 537 (1980)." Finally, in syllabus point 4 of *Coombs* we ultimately relied upon the rule of construction regarding penal statutes which is that " '[p]enal statutes must be strictly construed against the State and in favor of the defendant.' Syl. pt. 3, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970)."

The petitioner herein contends that since he was ordered to serve two six-month periods, albeit one consecutive six-month period as a condition of probation, his cumulative periods make him eligible to receive good time credit, because in effect he is

---

2. According to the record before us, the petitioner's sentencing was effective March of 1993, and he was ordered to serve a total of one year in the county jail.

3. *W.Va.Code,* 7–8–11 was amended in 1986, but such amendments do not affect the outcome of this case.

serving a one-year sentence in the county jail. In light of the relevant statutes and our decision in *Coombs*, we agree that the petitioner is eligible for good time credit.

The obvious distinction between the *Coombs* case and the case before us is that in the case now before us one period of confinement is a condition of probation, while in *Coombs*, each period of confinement was simply referred to as a sentence. The question then arises as to whether confinement as a condition of probation in the county jail is tantamount to confinement based upon a straight sentence in the county jail. Following the logic of *Coombs*, we think it is.

A careful examination of the definitions of a few key words leads us to our conclusion. Sentence means "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction ... usually in the form of ... *incarceration,* or *probation.*" *Black's Law Dictionary* 1362 (6th ed. 1990) (emphasis added). Incarceration is defined as *"confinement in a jail* or [in a] penitentiary." *Id.* at 760 (emphasis added). Moreover, the word sentence encompasses the word probation within its meaning.

Conditions of release on probation are found in *W.Va.Code,* 62–12–9 [1993]. Relevant herein is subsection (b) of this statute which provides in pertinent part:

(b) *In addition to the terms of probation* set forth in subsection (a) of this section, *the court may impose,* ..., any other conditions which it may deem advisable, including, but not limited to, any of the following:

. . . .

(4) That he shall, in the discretion of the court, be required to serve *a period of confinement in the county jail* of the county in which he was convicted for a period not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case shall such period of confinement exceed six consecutive months. The court shall have authority to sentence the defendant within such six-month period to intermittent periods of confinement including, but not limited to, weekends or holidays and may grant unto the defendant intermittent periods of release in order that he may work at his employment or for such other reasons or purposes as the court may deem appropriate: Provided, That the provisions of article eleven-a [§ 62–11A–1 et seq.] [4] of this chapter shall not apply to such intermittent periods of confinement and release except to the extent that the court may direct. If a period of confinement is required as a condition of probation, the court shall make special findings that other conditions of probation are inadequate and that a period of confinement is necessary.[5]

*Id.* (emphasis added and footnotes added). Thus, in West Virginia, probation can include incarceration or confinement in the county jail. Clearly, the common thread linking the word "sentence" together with the phrase "confinement as a condition of probation" is the fact that both refer to the person being incarcerated in jail.

■ The meaning of each word and phrase is inextricably intertwined.[6] The importance of giving deference to the plain and simple meaning of words when interpreting statutes was recognized by this Court in syllabus point 4 of *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, a Corporation,* 144 W.Va. 137, 107 S.E.2d 353 (1959): "Generally the

4. *W.Va.Code,* 62–11A–1 [1992] deals with the release of an inmate from jail for work or other purposes. This section provides, in relevant part, that: "(1) When a defendant is sentenced or committed for a term of one year or less by a court of record having criminal jurisdiction, such court may in its order grant to such defendant the privilege of leaving the jail during necessary and reasonable hours for any of the following purposes[.]"

5. Similar language could be used if the legislature desired to allow a court to exclude good time credit, trustee credit or prohibit cumulation of sentences.

6. Even the trial judge, in the final sentencing order, used the word sentence interchangeably when referring to the six-month period of confinement as a condition of probation. For example, the order stated, "[i]t is further Ordered that the two (2) six (6) month *sentences* run consecutively." (emphasis added).

words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use."

Therefore, for the purpose of earning good time credit under *W.Va.Code*, 7–8–11 [1986], confinement as a condition of probation is considered a sentence within the meaning of this provision. Thus, when a person is confined in the county jail as a condition of probation, that person, in the absence of words in the statute to the contrary, is considered to be serving a sentence, making it possible for him to cumulate that sentence with an additional sentence or sentences so as to make him eligible for good time credit under *W.Va.Code*, 7–8–11 [1986].[7]

Accordingly, we hold that a person who is ordered to serve a consecutive six-month period in the county jail as a condition of probation for one offense and also sentenced to serve an additional six-month period in the county jail on another offense, with the two six-month periods to be served consecutively, is eligible for good time credit pursuant to *W.Va.Code*, 7–8–11 [1986].[8]

The second issue, regarding the petitioner's entitlement to trustee credit, is less difficult to resolve. The statute setting forth the criteria for work by prisoners is *W.Va.Code*, 17–15–4 [1987] which provides in relevant part:

(a) Any person convicted of a criminal offense and *sentenced to confinement* in a county or regional jail shall, as incident to such sentence of confinement, be required to perform labor within the jail, as a trustee . . .

. . . .

(g) Any inmate who performs work pursuant to the provisions of this section *shall* receive as sole and full compensation therefor, *a reduction in his or her term of incarceration* of not more than twenty-five percent of the original sentence excluding any other statutorily granted 'good time'. Each eight-hour period of approved work shall entitle an inmate to one day's sentence reduction: Provided, That any 'good time' earned pursuant to the provisions of this section shall be in addition to any other reduction of sentence the inmate may accumulate.

(emphasis added).

 In *State v. White*, 188 W.Va. 534, 425 S.E.2d 210 (1992), this Court focused its attention on *W.Va.Code*, 62–12–9(4) [1991].[9]

---

**7.** We note that if a person is ordered to serve a period of confinement in the county jail as a condition of probation, that person cannot become eligible for good time credit, under *W.Va. Code*, 7–8–11 [1986], on that period of confinement alone. Pursuant to *W.Va.Code*, 62–12–9 [1993], when a period of confinement is imposed as a condition of probation, that period of confinement cannot exceed six months. As discussed above, for a person to be eligible for good time credit under *W.Va.Code*, 7–8–11 [1986], that person must be sentenced to the county jail for a period exceeding six months. Clearly, the legislature did not intend for a person incarcerated in the county jail for less than six months to receive good time credit.

**8.** We recognize that only a few other jurisdictions have addressed this issue but their penal statutes regarding this issue are different than our *Code* provisions. Two out of three jurisdictions more specifically addressing this issue have arrived at the same conclusion as we have but in a different fashion. *See Faulkner v. District Court of the Eighteenth Judicial District, Douglas County*, 826 P.2d 1277 (Colo.1992) and *Van Tassel v. Coffman*, 486 So.2d 528 (Fla.1986). *See contra Prue v. State*, 63 Wis.2d 109, 216 N.W.2d 43 (1974).

**9.** In *White*, the appellant plead guilty to the offense of battery in violation of *W.Va.Code*, 61–2–9(c) [1978]. This statute provided, and the petitioner received, not more than twelve months incarceration. However, the petitioner's one-year sentence was suspended, and the appellant was placed on probation for five years. As a condition of probation, the appellant was ordered to serve five months and twenty-nine days in the county jail. We found this period of incarceration to be in violation of *W.Va.Code*, 62–12–9 [1991] which stated, in relevant part, that confinement as a condition of probation shall not exceed one-third of the minimum sentence established by law.

In the case before us, the petitioner was initially sentenced to be confined in the penitentiary for ten years for the offense of aggravated robbery, the minimum sentence that can be imposed pursuant to *W.Va.Code*, 61–2–12 [1961]. Unlike *White*, the trial judge's ultimate order that the petitioner serve six months in the county jail as a condition of probation was well within the boundaries of *W.Va.Code*, 62–12–9 [1993], because one-third of the ten-year minimum sentence obviously exceeds the maximum period of confinement allotted by the statute which is six months.

A careful and diligent reading of a statute is important so as to effectuate the legislative intent as we stressed in syllabus point 1 of *White:*

'"'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.' Syllabus Point 5, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908)." Syl.Pt. 1, *State ex rel. Simpkins v. Harvey,* [172] W.Va. [312], 305 S.E.2d 268 (1983).' Syl.Pt. 3, *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985).

Further, with respect to determining the legislative intent, we held in syllabus point 2 of *White:*

'"In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl.Pt. 2, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl.Pt. 3, *State ex rel. Fetters v. Hott,* 173 W.Va. 502, 318 S.E.2d 446 (1984).

■ With respect to *W.Va.Code,* 17–15–4 [1987], it appears to be quite clear that the legislature intended, through the use of the word "shall," for any and all inmates confined in the county jail, for whatever reason, to receive a reduction in their sentence for work duly accomplished. We have consistently acknowledged that the word "shall" should be afforded a mandatory connotation: "'The word "shall", in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation.' Point 2 Syllabus, *Terry v. Sencindiver,* 153 W.Va. 651[, 171 S.E.2d 480 (1969)]." Syl. pt. 3, *Bounds v. State Workmen's Compensation Comm'r,* 153 W.Va. 670, 172 S.E.2d 379 (1970).

■ The language of the statute is clear. If the work is performed by the inmate according to the statute, the reduction is mandatory. This Court has continually recognized that:

'When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.' Syl.Pt. 1, *Cummins v. State Workmen's Compensation Comm'r,* 152 W.Va. 781, 166 S.E.2d 562 (1969).

Syl. pt. 3, *Kosegi v. Pugliese,* 185 W.Va. 384, 407 S.E.2d 388 (1991). Our duty, therefore, is to apply the statute to the facts of this case.

■ Thus, to effectuate the purpose of *W.Va.Code,* 17–15–4 [1987], this Court holds that when a person is ordered to confinement in the county jail as a condition of probation and performs work as a trustee within the jail, that person is entitled to a reduction in his sentence for work performed in the county jail according to *W.Va.Code,* 17–15–4 [1987].[10]

In conclusion, the statutory provisions relevant to the issues in this case lack specificity. The language within these pertinent provisions does not exclude the cumulation of a term of confinement based upon a condition of probation with an ordinary term of confinement based upon a straight sentence. Nor is there language within these statutes precluding a person confined as a condition of probation to serve as a trustee and thus excluding him from receiving a reduction in his sentence for work performed accordingly. Due to the absence of such exclusionary language and in light of the principle that penal

---

Additionally, we recognize that *W.Va.Code,* 62–12–9 was most recently amended in 1993. However, such amendments do not affect the outcome of this case.

10. We note that the factual record in this case is insufficient to accurately calculate the good time credit and trustee credit that the petitioner would have actually been entitled to receive.

statutes must be strictly construed in favor of the defendant, we conclude that these provisions were meant to be all inclusive.[11]

We recognize that probation and confinement as a condition thereof is a legislative prerogative.[12] The legislature is the governmental body empowered to amend the statutory framework regarding confinement as a condition of probation and good time credit thereon. *See W.Va. Const.* art. V, § 1. We have previously stated that "[i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten, or given a construction of which its words are not susceptible, or which is repugnant to its terms which may not be disregarded." *General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, a Corporation,* 144 W.Va. at 145, 107 S.E.2d at 358 (citation omitted). *See also* syl. pt. 1, *Consumer Advocate Division of the Public Service Commission v. Public Service Commission,* 182 W.Va. 152, 386 S.E.2d 650 (1989). Thus, if the legislature desires to amend *W.Va.Code,* 62–12–9 [1993], 7–8–11 [1986] or 17–15–4 [1987] in order to prohibit authorization for good time credit, trustee credit or cumulation of sentences, it may specifically do so.

For the reasons stated herein, the writ of habeas corpus is granted.

Writ granted.

---

**11.** Obviously, this petitioner received a less severe sentence than could have been imposed by the trial judge when he suspended the petitioner's sentence on count I and placed him on probation rather than requiring the petitioner to serve ten years of confinement in the state penitentiary.

**12.** In 1983, the legislature amended *W.Va.Code,* 62–12–9 and gave the circuit court the power to impose confinement in a county jail as a condition of probation.